IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| KATASHA STERNS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  9:24-CV-81-MJT-CLS |
| | § | |
| CHILD PROTECTIVE SERVICES, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

## I. Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or failure to comply with any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "The authority [under Rule 41(b)] flows from the court's inherent power to control its own docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

## II. Discussion

On April 22, 2024, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed suit alleging Defendants violated her constitutional rights and seeking her child be returned to her custody.

(Doc. #1 at 4-5.)  The undersigned entered an order on April 23, 2024, requiring Plaintiff to "submit to the court the necessary street address for Defendants Child Protective Services, Emalee Trawoski and Jim Lostracco, for purposes of service" on or before May 15, 2024.  (Doc. #3 at 2.)  The order also stated that "Plaintiff is advised that failure to comply with this order may lead to a recommendation that the lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any order of the court.  FED. R. CIV. P. 41(b)." (*Id.* at 2.)  As of this date, Plaintiff has not submitted to the court addresses for Defendants.

The aforementioned order was mailed to Plaintiff by regular and certified mail at her address of record: 904 Glenn Ave, Lufkin, Texas 75901.  (Doc. #4.)  This matches the address on her complaint.  (Doc. #1 at 5.)  On May 16, 2024, the Clerk of Court received the order sent to Plaintiff back as "unclaimed."  (Doc. #4.)  It is unclear whether Plaintiff received the order by regular mail.  The orderly and expeditious disposition of cases requires that if a litigant's address changes, she has a duty to inform the court of the change.  Further, Eastern District of Texas Local Rule CV-11(d) requires *pro se* litigants such as Plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address.  The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court.  *See Green v. Forney Eng'g Co.*, 589 F.2d 243, 245 (5th Cir. 1979).

One of two things happened here.  Either Plaintiff received this court's previous order (doc. #3) and failed to comply, or Plaintiff did not receive the order because she has not kept the court apprised of her proper address.  In either situation, Plaintiff has failed to diligently prosecute this case, and her claims, therefore, should be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

2

### III. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 3rd day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE